IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Erien L. Frazier, ) | Civil Action No._____ |
| Plaintiff ) | WDQ 14 CV 0709 |
| Vs. ) | DEMAND FOR JURY TRIAL |
| Collection Technology Inc., ) | |
| Defendant ) | |

## COMPLAINT

Plaintiff, Erien Frazier, individually, hereby sues Defendant, Collection Technology Inc. for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 U.S.C. § 227(b)(1), 47 U.S.C. § 227(A)(iii), the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. 1692e, and the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b.

## PRELIMINARY STATEMENT

1. This is an action for damages brought by Plaintiff against the defendant for violations of the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 U.S.C. § 227(b)(1), 47 U.S.C. § 227(A)(iii), the Fair Debt Collections Practices Act (FDCPA) 15 U.S.C. § 1692e, and the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b.

2. Plaintiff contends that the Defendant, Collections Technology Inc., have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. §1681p, 47 U.S.C. § 227(b)(3), 15 U.S.C. 1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391b and MD. Stat. § 6-202(3). Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

## PARTIES

5. Plaintiff, Erien Frazier, is a natural person and is a resident of the State of Maryland.

6. Upon information and belief Defendant, Collection Technology Inc., is a foreign corporation registered to do business in the State of Maryland.

## FACTUAL ALLEGATIONS

7. On September 5, 2013, Collection Technology Inc. violated the Telephone Consumer Protection Act (TCPA) by calling the Plaintiff's cell phone using an automatic telephone dialing system with no prior permission given by Plaintiff (See Exhibit A).

8. Plaintiff told Teresa Manning, Collection Technology Inc.'s customer service representative, that the number she called was a cell phone and not to call it.

9. Plaintiff received 3 more calls from the Collection Technology Inc. dated September 12, 14, 17 of 2013 that were not answered.

10. On July 23, 2013, the Defendant Collection Technology Inc. sent mailed communication to Plaintiff seeking to collect an alleged debt where no prior business relationship exists.

11. Defendant is a debt collector attempting to collect an alleged but nonexistent debt.

12. Plaintiff and Collection Technology Inc. do not have an established business relationship within the meaning of 47 U.S.C. § 227.

13. On July 21, 2013, Collection Technology Inc. initiated an inquiry into Plaintiff's credit report from Experian without permissible purpose in violation of the Fair Credit Reporting Act.

## COUNT 1

## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS ACT 47 U.S.C. § 227

14. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.

15. Defendant, Collection Technology Inc., has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular service.

16. Defendant, Collection Technology Inc., has committed 4 separate violations of 47 U.S.C. § 227 (b)(1)(A) and Plaintiff is entitled to damages of up to $1500 per violation pursuant to 47 U.S.C. § 227 (b)(3)(B).

17. Plaintiff has never given Collection Technology Inc. permission to call Plaintiff's cell phone.

**WHEREFORE,** Plaintiff demands judgment for damages against Collection Technology Inc. for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 47 U.S.C. § 227 (G)(3)(B).

## COUNT II

## VIOLATIONS OF THE MARYLAND TELEPHONE CONSUMER PROTECTION ACT (MTCPA)

3

## §14-3201(2), §14-3202

18. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.

19. Defendant Collection Technology Inc. has demonstrated willful or knowing non-compliance with Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by using an automatic telephone dialing system to call the Plaintiff's number, which is assigned to a cellular service.

20. Defendant, Collection Technology Inc., has committed 4 separate violations of Maryland Code § 14-3201(2), Maryland Code § 14-3202(a) by calling the Plaintiff's cell phone without prior permission.

21. Plaintiff is entitled to damages of $500 per violation and treble damages pursuant to Maryland Code § 14-3202(b).

**WHEREFORE,** Plaintiff demands judgment for damages against Collection Technology Inc. for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Maryland Code § 14-3202b.

## COUNT III

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681B WILFUL NON-COMPLIANCE BY DEFENDANT COLLECTION TECHNOLOGY INC

22. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.
23. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a (c).
24. Defendant, Collection Technology Inc., is a person within the meaning of 15 U.S.C. § 1681a (b).

25. Defendant, Collection Technology Inc., willfully violated the FCRA 15 U.S.C. § 1681b (f) by obtaining the Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b.

**WHEREFORE,** Plaintiff demands judgment for damages against Collection Technology Inc. for actual or statutory damages, punitive damages, and attorney's fees and cost, pursuant to 15 U.S.C. § 1681n.

## COUNT IV

## VIOLATIONS OF FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681B NEGLIGENT NON-COMPLIANCE BY COLLECTION TECHNOLOGY INC

26. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.

27. Plaintiff is a consumer within the meaning of the FCRA 15 U.S.C. § 1681a (c).

28. Defendant, Collection Technology Inc., is a furnisher of information within the meaning of 15 U.S.C. § 1681s-2.

29. Defendant, Collection Technology Inc., negligently violated the FCRA 15 U.S.C. § 1681b (f) by obtaining the Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b.

**WHEREFORE,** Plaintiff demands judgment for damages against Collection Technology Inc. for actual or statutory damages, punitive damages, and attorney's fees and cost, pursuant to 15 U.S.C. § 1681n.

## COUNT V

## VIOLATION OF THE MARYLAND COMMERCIAL CODE

## § 14-1202 WILFUL NON-COMPLIANCE BY DEFENDANT COLLECTION TECHNOLOGY INC

30. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.
31. Plaintiff is a consumer within the meaning of Maryland Commercial Code § 14-1201(c).
32. Collection Technology Inc. is a person within the meaning of Maryland Commercial Code § 14-1201j.
33. Collection Technology Inc. willfully violated Maryland Commercial Code § 14-1202 by obtaining Plaintiff's consumer report without a permissible purpose.

**WHEREFORE,** Plaintiff demands judgment for damages against Collection Technology Inc. for actual or statutory damages, and attorney's fees costs, pursuant to Maryland Commercial Code § 14-1213.

## COUNT VI

## VIOLATION OF MARYLAND COMMERCIAL CODE § 14-1202 NEGLIGENT NON-COMPLIANCE BY DEFENDANT COLLECTION TECHNOLOGY INC

34. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.
35. Plaintiff is a consumer within the meaning of Maryland Commercial Code § 14-1201(c).
36. Collection Technology Inc. is a person within the meaning of Maryland Commercial Code § 14-1201j.
37. Collection Technology Inc. negligently violated Maryland Commercial Code § 14-1202 by obtaining Plaintiff's consumer report without a permissible purpose.

**WHEREFORE,** Plaintiff demands judgment for damages against Collection Technology Inc. for actual or statutory damages, and attorney's fees costs, pursuant to Maryland Commercial Code § 14-1213.

## COUNT VII

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 BY COLLECTION TECHNOLOGY INC

38. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.
39. Plaintiff is a consumer within the meaning of FDCPA 15 U.S.C. § 1692a (3).
40. Defendant is a debt collector within the meaning of FDCPA 15 U.S.C. § 1692a (6).
41. Defendant Collection Technology Inc. violated § 1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect an alleged debt or to obtain information concerning the consumer.
42. Plaintiff was led to believe that Collection Technology Inc. had a business relationship with her by way of the Department of Education when no such legal business relationship existed.
43. Defendant Collection Technology Inc. is a debt collector attempting to collect a nonexistent debt.

**WHEREFORE,** Plaintiff demands judgment for damages against Collection Technology Inc. for actual or statutory damages, and attorney's fees costs, pursuant to 15 U.S.C. 1692k.

## COUNT VIII

## VIOLATIONS OF MARYLAND COMMERCIAL LAW CODE

## 13-301 UNFAIR OR DECEPTIVE TRADE PRACTICES BY

## COLLECTION TECHNOLOGY INC

44. Plaintiff fully alleges and incorporates the information in paragraphs 1 through 13.

45. Plaintiff is a consumer within the meaning of Maryland Commercial Code § 13-101(c).

46. Defendant is a corporation within the meaning of Maryland Commercial Code § 13-101(h).

47. Defendant Collection Technology Inc. violated § 13-301 by sending mail that was misleading and tended to deceive or mislead the consumer concerning an alleged but nonexistent debt.

48. Plaintiff has no legal business relationship with Defendant Collection Technology Inc.

**WHEREFORE,** Plaintiff demands judgment for damages against Collection Technology Inc. for actual or statutory damages, and attorney's fees costs, pursuant to Maryland Commercial Code § 13-408.

Respectfully submitted this 24th day of February 2014.

*/s/ Erien Frazier*

Erien Frazier

P.O. Box 25

Hagerstown, MD 21740

410-262-8690

erienfrazier@gmail.com

## VERIFICATION

I, Erien Frazier, have read the foregoing complaint and examined any attachments referenced therein. The facts stated in the complaint are true. The attachment is a true and fair copy.

_Erien Frazier_                                    _Erien Frazier_ (signature)

The above named Affiant appeared before me, a Notary, subscribed, sworn under oath this 24th day of February 2014.

_(signature)_

Notary

My commission expires: _____

> Steve Swayne
> NOTARY PUBLIC
> Washington County, State of Maryland
> My Commission Expires April 11, 2016